**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ALLEN F. CAMPBELL,** | CASE NO. 1:18 CV 162 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| **JESSIE GARCIA,** *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendants' Motions to Dismiss (ECF # 8, 15 and 21), which Plaintiff opposes (ECF # 18, 22, 24, 25, and 26). For the following reasons, the Court denies the Motions.

## I. BACKGROUND

Donald Campbell ("Donald") and F. Margaret Campbell ("Margaret") were married. They have two children; Allen Campbell who is the Plaintiff in this case ("Plaintiff"), and Frederick Campbell ("Frederick"). Frederick was married to Defendant Jessie Garcia ("Garcia"). Both Plaintiff and Frederick have children.

Donald and Margaret had a complicated estate plan. They each had a Last Will and Testament, as well as an inter vivos Living Trust ("the Donald Trust" or "the Margaret Trust"). They acted as Trustees for their respective Trusts during their lifetimes and each named the

other as their successor Trustee and beneficiary upon their death. Plaintiff indicates he is a residual beneficiary and successor Trustee of the Margaret Trust upon the deaths of both Margaret and Donald. It is not clear who the residual beneficiary or successor Trustee of the Donald Trust is. In addition, Donald and Margaret created a limited partnership known as the Campbell Family Limited Partnership for which each of the inter vivos Trusts was an equal partner. Each of the Trusts and the limited partnership appear to have been funded with multiple different brokerage accounts, annuities and IRAs, all of which were managed by Defendant Merrill Lynch. Defendant TransAmerica appears to have provided life insurance policies and annuities which were owned by either the Donald Trust, the Margaret Trust, the limited partnership or Donald or Margaret individually.

Donald died in 2010 and Margaret became the Trustee and the beneficiary of the Donald Trust. She was also still the Trustee and beneficiary of her own Trust, making her the sole controlling agent of the limited partnership. Frederick died in 2013. Plaintiff alleges that upon Frederick's death, his wife, Garcia, lived with Margaret at the Judson Assisted Living Facility in Cleveland, Ohio for an extended period of time. Margaret was in her late 90's and was blind, or at least sight impaired. Plaintiff had Power of Attorney for her. Margaret died in April 2015.

Plaintiff was named as the Executor of Margaret's Estate as well as the successor Trustee of the Margaret Trust. He indicates that in the course of fulfilling his duties in these roles, he attempted to try to make sense of all of the various accounts and assets within the two Trusts and the limited partnership and noticed irregularities in the accounts. Although they were three separate legal entities, the financial statements for the individual Trusts and the limited partnership seemed to be combined, making it very difficult to determine which assets and

accounts belonged to the Margaret Trust, which belonged to the Donald Trust, which belonged to the limited partnership and which belonged to Margaret individually. Assets that were originally in one of the Trusts appeared to have transferred to the other Trust after Donald's death. Other assets or accounts within the Trusts were greatly diminished or disappeared entirely from one statement to the next, with no corresponding paperwork or explanation. He states he contacted Merrill Lynch and TransAmerica to inquire about these irregularities and ask for documentation but they refused to answer any of his questions.

Plaintiff focuses on two Merrill Lynch accounts which he contends were originally associated with the Margaret Trust. The first of these accounts appears to be an Investor Life Insurance Policy from TransAmerica with the Merrill Lynch account number of CM5024464 ("the CM Policy"). The other account is an annuity from TransAmerica bearing the Merrill Lynch account number of M920023980 ("the M Contract").

Plaintiff alleges that the CM Policy was listed in the Margaret Trust as of the August 31, 2011 Merrill Lynch statement, but appeared to transfer between the Trusts, then disappeared from the statements entirely in 2013. He states he questioned Merrill Lynch about this account and asked for documentation to explain the transactions but they refused to provide it to him. Plaintiff, an Alabama resident, filed suit in the Baldwin County Circuit Court on November 10, 2015 to compel Merrill Lynch and TransAmerica to produce the statements and documents to justify the transfers. Merrill Lynch filed a Motion to Compel Arbitration of the issue pursuant to the brokerage account agreements signed by Donald and Margaret. The Alabama court granted the Motion compelling the parties to submit the issue of disclosure of information to arbitration. Plaintiff alleges the parties settled the action prior to arbitration, agreeing to the production of

some, but not all of the information. He states the case was dismissed by agreement of the parties. Plaintiff and Defendants agree that the issues of ownership of the assets and the appropriateness of transfers of assets were not before the Alabama court.

Plaintiff alleges that in November 2015, three days after filing the Alabama lawsuit, Merrill Lynch informed him the CM policy was a life insurance policy insuring Frederick's life that was owned by the Donald Trust at the time of Frederick's death. Plaintiff alleges that based on the information in the Merrill Lynch statements, the account was originally owned by the Margaret Trust and appears to have been transferred into the Donald Trust after Donald's death. TransAmerica then handled a beneficiary change naming Garcia as the beneficiary. Plaintiff contends Garcia is not a beneficiary of either the Margaret Trust or the Donald Trust. He asserts that the transfer between trusts after Donald's death and the change in beneficiary to someone other than a Trust beneficiary was improper. He asserts TransAmerica wrongfully paid the proceeds of this policy directly to Garcia in December 2013.

Plaintiff alleges that the M Contract, which appears to be an annuity from TransAmerica, was placed in the Margaret Trust as early as 2011 and remained there until December 2015. He indicates he was notified in December 2015 that Garcia had filed a claim for the proceeds of the M Contract. He notified TransAmerica that he was disputing the claim as Garcia was not a beneficiary of the Margaret Trust. He requested information and documentation from Merrill Lynch and TransAmerica concerning this account and how Garcia came to be named on it but they refused his request.

In their Motion, TransAmerica states Donald was the original annuitant of the CM Contract and Margaret was the beneficiary. After Donald's death, the annuitant was changed to

-4-

Frederick, Margaret became the owner of the policy and Plaintiff and Frederick were listed as the beneficiaries. TransAmerica alleges that on February 12, 2014, TransAmerica was informed of Frederick's death and were told a new annuitant would be required. TransAmerica does not indicate who provided this information or requested a change in the annuitant status. TransAmerica states that on February 27, 2014, Change of Annuitant and Beneficiary Forms were completed, signed and notarized, naming Garcia as a beneficiary in Frederick's place. Plaintiff contends his mother was in her late 90's and substantially visually impaired.[1] He asserts she could not have read what she was signing or appreciated the ramifications of her actions. He asserts the change in beneficiaries and the payment of proceeds to Garcia was improper.

Plaintiff filed the probate Estate of F. Margaret Campbell in the Cuyahoga County Probate Court in 2015. Defendants allude to a Probate Court adversarial action to determine ownership of the assets in question. They do not provide specific information about those proceedings but state they were dismissed without prejudice by the Court.

Plaintiff filed an action in the Cuyahoga County Common Pleas Court, General Division,

---

[1] The Change of Beneficiary form contains a mixture of typed information and handwritten information. F. Margaret Campbell is typed in as the policy owner and the policy number is typed in the appropriate blank. The beneficiary information is handwritten. Notably, the beneficiary form provides only Plaintiff's name and his relationship to Margaret, but not his address, his social security number, his date of birth or his telephone number. The section pertaining to Garcia is completed in the same handwriting but lists all of the pertinent information, including her social security number, her date of birth and her telephone number. In addition, Margaret's barely legible signature appears in two places on the form. It first appears randomly on the third page of the form; however, there is no signature block on this page. Her signature also appears on the last page of the contract, in the vicinity of the signature line. The date of the signature is handwritten below it in different handwriting than that of Margaret, possibly by the same person that completed the beneficiary page.

on December 21, 2017, alleging Merrill Lynch, TransAmerica and Garcia improperly transferred assets from the Trusts and between the Trusts, and improperly disposed of individual non-trust assets without the authority to do so.  Plaintiff contends some of the documents he received suggest Merrill Lynch employees may have assisted Garcia in changing the designated beneficiary of accounts into her name.  Plaintiff brings claims against the Defendants for undue influence, tortious interference with a contract, tortious interference with an inheritance, conversion, breach of fiduciary duties, fraud, negligence and aiding and abetting.  He seeks restoration of the assets he contends were wrongfully transferred to Garcia.

Defendants removed this case to federal court and filed Motions to Dismiss.  Merrill Lynch contends the case should be dismissed on the grounds of *res judicata*.  They assert that the Alabama Court ordered arbitration and dismissed the case.  They allege Plaintiff defied that Order by filing a new case in Cleveland based on the same facts and *res judicata* bars him from litigating this case without submitting it to arbitration.  They also allege that the probate estate and the adversarial probate action triggers *res judicata* because these issues could and should have been decided in the estate.  In the alternative, they ask this Court to order the Plaintiff to submit this issue of ownership to arbitration under the client agreement Margaret and Donald signed and stay the case.

Plaintiff responds by stating that the action in Alabama was solely focused on obtaining documentation and did not raise ownership of the accounts.  The case was settled and dismissed on that basis and therefore there was no final judgment for which *res judicata* would apply.  He also states that the probate estate did not consist of trust assets and the adversarial action was dismissed without prejudice.  None of these issues was adjudicated or could have been

adjudicated in those proceedings.

TransAmerica claims Plaintiff lacks standing to bring this action. They claim that because Plaintiff was not a designated beneficiary of the CM policy or the Donald Trust, he lacks standing to challenge any improper transfer of those assets to Garcia. They also state Plaintiff was designated as a beneficiary of half of the annuity and was paid half of the proceeds. They assert he lacks standing to challenge payment of the other half to Garcia.

Garcia simply states that she is asserting the defenses raised by both Merrill Lynch and TransAmerica. She does not explain how either of these arguments applies to the claims asserted against her.

## II. LAW AND ANALYSIS

**Civil Rule 12(b)(6) Standard of Review**

In deciding a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all of the factual allegations contained in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The Court need not, however, accept conclusions of law as true. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id*. at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Similarly, a Complaint will not be sufficient if it tenders "naked assertions" devoid of "further factual enhancement." *Id*. at 557.

To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id*. Where a Complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

### *Res Judicata*

As an initial matter, the Court finds no indication that *res judicata* applies to bar this case. It is true that an action cannot be brought in Federal Court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state court judgment as that judgment receives in the state that rendered the judgment. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

There are two judgments offered by Defendants as a basis for *res judicata*. The first is the Alabama order to arbitrate the turning over of information to Plaintiff. The second is the probate court case.

Merrill Lynch submits that under Alabama law, *res judicata* contains two potential bars

-8-

to litigation: claim preclusion, which bars relitigation of the same claim in a subsequent action, and issue preclusion, which bars relitigation of any issue raised in a subsequent action that was actually litigated and decided in a prior action. Merrill Lynch concedes the ownership claims were not decided by the Alabama court and claim preclusion does not apply in this case. Instead, they are claiming the issue of arbitration was decided by the Alabama court's order and Plaintiff is now required to submit the claim of ownership of the account to arbitration as well.

The doctrine of issue preclusion bars relitigation of any issue determined in a prior action only if: (1) the issue to be precluded is the same as that determined in the prior action; (2) the issue was necessary to the prior judgment; (3) the issue was actually litigated and determined; and (4) the judgment was valid, final and on the merits of the claim. *Shelby Cty Planning Com'n v. Seale*, 564 So. 2d 900, 901 (Ala. 1990). These four criteria have not been met to invoke issue preclusion. First, while the issue in this case is similar to the issue considered by the Alabama court, it is not the same. The Alabama court considered arbitration as it pertained to the requirement to release information to the Plaintiff. The issue in this case is the applicability of arbitration to the actual ownership of the accounts as well as claims of mishandling of funds and undue influence. Second, the determination of the arbitration issue in the Alabama case was not necessary to that judgment. Plaintiff indicates the action was settled by the parties and the case was dismissed at their request. Finally, there is no indication that the issue of arbitration was actually litigated in Alabama. That court's Order is literally one sentence: "MOTION TO COMPEL filed by MERRILL LYNCH BANK OF AMERICA is granted." (ECF # 8-1 at 3). That is not enough information to bar litigation of any other claims associated with Donald's or Margaret's Estate plans.

The Court denies, without prejudice, Merrill Lynch's request to stay this action and order this case to proceed to arbitration. The Court does not have enough information about the accounts and the estate plans to make that determination at the pleading stage.

The Ohio probate case also does not trigger *res judicata*. The Motions do not specify what claims were raised in the probate adversarial action. It appears that action was dismissed without prejudice. There is no indication of a judgment on the merits that would bar litigation of the claims in this case.

**Standing**

The Court further finds Plaintiff has standing to raise the claims asserted in this action. To meet the constitutional minimum requirements of standing to bring a claim, Plaintiff must allege an "actual or imminent injury" that is traceable to the Defendant and redressable by the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–62, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 185, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). The injury must be an "injury in fact," meaning "an invasion of a legally protected interest which is (a) "concrete and particularized," and (b) "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (emphasis added) (citations omitted). The requirement that an injury be "concrete and particularized" has two discrete parts: concreteness, which is the requirement that the injury be "real," and not "abstract," *Spokeo*, 136 S.Ct. at 1548, and particularization, which is the requirement that the Plaintiff "personally [have] suffered some actual or threatened injury" as opposed to bringing a generalized grievance. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

Plaintiff meets the minimum standards to have standing to bring a claim. He alleges the two accounts in question were in the Margaret Trust and were improperly moved from that Trust. He also alleges undue influence and breach of fiduciary duties with respect to these assets. As the successor Trustee and a beneficiary of the Margaret Trust, the Executor of Margaret's Estate, a beneficiary under her Last Will and Testament and her next of kin, Plaintiff has standing to raise these claims.

### III. CONCLUSION

Accordingly, Defendants' Motions to Dismiss (ECF # 8, 15, and 21) are DENIED.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: June 12, 2018