UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLEN F. CAMPBELL, | ) Case No. 1:18CV0162 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE CHRISTOPHER BOYKO |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| JESSIE GARCIA, et al., | ) |
| | ) |
| Defendants. | ) REPORT AND RECOMMENDATION |

Plaintiff Allen F. Campbell (Plaintiff or Campbell) filed a seven-count complaint in the Cuyahoga County, Ohio Court of Common Pleas, on December 21, 2017, against defendants Jessie Garcia, Merrill Lynch Wealth Management and/or Merrill Lynch Pierce, Fenner & Smith, Inc. (Merrill Lynch), and Transamerica Life Insurance Company (Transamerica).[1] On August 12, 2019, the parties filed a Joint Motion to Vacate Case Management Order and Stay Proceedings, advising "a settlement has been reached as of August 8, 2019…." (R. 101.) Currently before the court is defendants' joint motion to enforce settlement with request for attorney's fees (R. 103) and Campbell's cross-motion to enforce settlement with request for attorney's fees (R. 107). Each side has filed a response in opposition. (R. 105, 106.) The

---

[1] The complaint (R. 1-1) relates to, *inter alia*, multiple financial dealings involving Plaintiff's family members and defendants, and alleges claims for: (1) undue influence or other tortious conduct; (2) interference with expected non-probate transfer or inheritance; (3) conversion; (4) breach of fiduciary duty; (5) fraud, actual and constructive; (6) aiding and abetting; and, (7) negligence. (R. 1-1, Complaint.) The defendants removed the action to this court on January 22, 2018, based on diversity of citizenship. (R. 1.)

motions are before the undersigned magistrate judge pursuant to an order of referral under Civil Rule 72(a) and Local Rule 72.2(a). (R. 108.)

The court held a recent hearing on the motions with counsel for each party, Plaintiff and corporate representatives of Merrill Lynch and Transamerica. Defendant Garcia's personal attendance was excused, without objection, by previous court order. Having considered the pertinent filings along with each party's respective positions at the hearing, the magistrate judge recommends that the defendants' joint motion to enforce settlement (R. 103) and Campbell's cross-motion to enforce settlement (R. 107) be granted in part, to enforce the parties' settlement agreement consistent with the findings herein, but denied to the extent each requests further relief and an award of attorney's fees.

## Analysis

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (quoting *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.), cert. denied 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976)). "A federal court possesses this power 'even if that agreement has not been reduced to writing.'" *Id.* (quoting *Bowater N. Am. Corp. v. Murray Mach.*, 773 F.2d 71, 77 (6th Cir. 1985)). "Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law." *Grant v. JPMorgan Chase Bank, N.A.*, No. 16-cv-2475, 2017 WL 5613928, *2 (N.D. Ohio Nov. 21, 2017) (quoting *Smith v. ABN AMRO Mortg. Group, Inc.*, 434 Fed. Appx. 454, 460 (6th Cir. 2011)). Under Ohio law, which governs the present dispute, "[t]he result of a valid settlement agreement is a contract between parties, requiring a meeting of

the minds as well as an offer and an acceptance thereof." *Grant*, 2017 WL 5613928 at *2 (quoting *Rulli v. Fan Co.*, 79 Ohio St. 3d 374, 683 N.E.2d 337, 339 (1997)). "Before enforcing settlement, the district court must conclude that agreement has been reached on all of the material terms." *Brock*, 841 F.2d at 154 (noting further that the court "must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement.")

The undisputed facts demonstrate that the parties, following settlement discussions, reached a settlement memorialized in an e-mail exchange on August 7 and 8, 2019. *See* R. 103-2, PageID #: 1225 (Exh. A). At the hearing, counsel for each party agreed that the e-mail exchange memorialized the material terms of the settlement agreement and that such material terms were unambiguous. As such, no party requested to present testimony or evidence, and the court found on the record that no evidentiary hearing was necessary because a clear and unambiguous agreement existed in the August 7 and 8 e-mails.

On August 7, 2019, counsel for defendant Garcia—on behalf of all defendants—sent an e-mail to counsel for plaintiff Campbell, copying defense counsel and setting forth the material terms of the settlement. *Id.* The email states in pertinent part:

> Joe [Plaintiff's counsel]-this e-mail is to confirm our telephone conversations of last week as well as your conversations and/or e-mail communications with [Attorney] Winningham [Merrill Lynch's counsel] and [Attorney] Cooper [Transamerica's counsel] regarding a settlement in the above-referenced case. **Specifically, Allen Campbell has agreed to settle his claims and stipulate to a dismissal of all claims, with prejudice, in exchange for his receipt of $100,000 in total from the three defendants.** I would anticipate that payment of this amount would be made within twenty-one days from the date a settlement agreement acceptable to all parties is signed by Mr. Campbell. **The settlement agreement will include a broad release of all claims Mr. Campbell has, whether asserted or not, against the three defendants with the proviso that his claims pending in the Cuyahoga County Probate Court relating to the Campbell Family Limited Partnership would be preserved and not**

3

> **dismissed.** \* \* \* \* \* Please reply to confirm that I have accurately described the settlement and that Mr. Campbell has approved these terms.

*See* R. 103-2, PageID #: 1225 (Exh. A) (emphasis added). On August 8, 2019, counsel for plaintiff Campbell responded via email: "These material terms are acceptable – please send me a draft release for review." *Id.* Campbell's counsel confirmed at the hearing, with Campbell present, that he so responded after consultation with, and the approval of, Campbell.

The court finds that the material terms of the settlement agreement as represented in the August 7 and 8, 2019, e-mails are clear, unambiguous, and memorialize an offer and acceptance to settle. *See generally* R. 103-2. Since memorializing their agreement, however, the parties have been unable to agree to a more comprehensive settlement agreement and release, as evidenced by their recent filings. *See* R. 103-3 (Exh. B, Aug. 19, 2019, e-mail and attached draft "Confidential Settlement Agreement and Release"); R. 103-4 (Exh. C, Sept. 19, 2019, e-mail and attached edited draft "Settlement Agreement and Release"); and R. 103-5 (Exh. D, Oct. 2, 2019, e-mail and attached revised "Settlement Agreement and Release").

At the hearing, all counsel confirmed that the principal dispute is over the scope of Plaintiff's release of the defendants, with each side claiming the other side is trying to change the agreed-to terms. Plaintiff seeks to limit the scope of the settlement and his release to only the claims he has *asserted in this case*. *See generally* R. 103-4 (Campbell's proposed revisions to the settlement agreement and release); R. 105, PageID 1262. Plaintiff finds support in the August 7th email, which does indicate it is memorializing "a settlement in the above-referenced case…." *Id.* But Plaintiff's position is too narrow, and contrary to the plain language of the agreement, which states: "Campbell has agreed to settle his claims and stipulate to a dismissal of all claims, with prejudice…" and "[t]he settlement agreement will include a broad release of **all**

4

**claims Mr. Campbell has, whether asserted or not, against the three defendants**…." (R. 103-2, PageID# 1225, emphasis added). Indeed, the parties are using this case as a vehicle to settle their disputes, but that does not change the fact that the "broad release" is a material term, Plaintiff agreed to such material term, and, therefore, Plaintiff agreed to a release of "all claims Mr. Campbell has, whether asserted or not, against the three defendants…." *Id.*

The agreement, however, contains an exception explicitly referred to as the "proviso" that preserves claims otherwise subject to the "broad release." *Id.* It specifically excludes from the release Mr. Campbell's "claims *pending* in the Cuyahoga County Probate Court *relating to* the Campbell Family Limited Partnership" and continues that such claims "would be preserved and not dismissed." *Id.* (emphasis added). Notwithstanding that exception, Defendant Garcia has asserted that the "broad release" required Campbell to dismiss her as a party from the referenced Probate Court action. (R. 109, Page ID# 1302 "In other words, Campbell would release any and all claims against the Defendants, while continuing to pursue his claims against others not party to the above-captioned case in the pending probate court action.") But Garcia's counsel confirmed at the hearing that was no longer their position, and withdrew that argument. Counsel for Merrill Lynch and Transamerica both stated that Campbell had no claims *pending* against them as of August 7-8, 2019, in the Probate Court, a fact that neither Campbell nor his counsel disputed at the hearing. The court notes, however, that Campbell is represented by different counsel in that forum, and it makes no finding on the specific claims that are covered by the preservation-of-pending-claims language. Rather, the undersigned recommends a finding that the agreement's express "proviso" excludes from Campbell's "broad release of all claims Mr. Campbell has, whether asserted or not, against the three defendants [Garcia, Merrill Lynch

5

and/or Transamerica]" only Campbell's claims filed in, and therefore, *pending* as of August 7, 2019, in the Cuyahoga County Probate Court relating to the Campbell Family Limited Partnership.

Defendants' motion to enforce the settlement and Plaintiff's cross-motion each request attorney's fees.  (R. 103-1, PageID #: 1221-1222; R. 107, PageID #: 1291.)  While each motion sought to enforce the settlement in the August 7 and 8 e-mails, the court finds that neither party has pursued an unreasonable position.  Thus, the court recommends denial of any award of attorney's fees, with each party to bear their own costs, expenses and attorney's fees.

During the hearing, Garcia's counsel inquired whether the court would order Campbell to sign a settlement agreement and release similar to Exhibit D to R. 103, which is the defendants' response to Campbell's proposed changes to the settlement agreement and release.  (R. 103-5, PageID #: 1254-1259).  The undersigned declines to recommend such a specific condition, as the parties have not shown they agreed to the express wording in that more extensive settlement agreement and release.

Finally, defense counsel requested that the court retain jurisdiction to enforce the terms of the settlement, which is a determination expressly reserved to the sound discretion of the presiding Judge, the Honorable Christopher A. Boyko.

## Conclusion

The court, therefore, recommends a finding that the parties have reached a settlement agreement that includes the following material terms:

1. Plaintiff Allen Campbell has agreed to settle all his claims;
2. Campbell stipulates to dismissal of all claims with prejudice;
3. The settlement includes Campbell's release of:
    a. All claims Campbell has,

      b. Whether asserted or not,
      c. Against Garcia, Merrill Lynch, and/or Transamerica,
      d. with the only exception being that:
          i. Campbell's claims pending as of August 7, 2019,
          ii. in the Cuyahoga County Probate Court,
          iii. relating to the Campbell Family Limited Partnership,
          iv. are preserved and not dismissed; and
4. In exchange for which the defendants (Garcia, Merrill Lynch, and Transamerica) have agreed to pay, and Campbell has agreed to accept, the total sum of $100,000.

The court notes that the settlement contemplated that the defendants would make the settlement payment within twenty-one days of the final, approved settlement agreement. The payment date shall be stayed pending the court's final order.

The undersigned also recommends that the court order the parties to file a Stipulation of Dismissal of All Claims in this Lawsuit with prejudice within five (5) days of Plaintiff's receipt of the settlement payment. Although not part of the parties' e-mail exchange, their subsequent exchange of the settlement agreement and release documents contained this requirement.

/s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: February 20, 2020

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72(a); LR 72.3(a). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).