# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN F. CAMPBELL, | ) | CASE NO. 1:18CV162 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JESSIE GARCIA, ET AL., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Joint Motion to Enforce Settlement and Motion for Award of Attorney Fees (ECF # 103) and Plaintiff's Cross Motion to Enforce Settlement Agreement and for Award of Attorney Fees. (ECF # 107). The Court referred the pending Motions to Magistrate Judge David A. Ruiz for a Report and Recommendation. On February 20, 2020, the Magistrate Judge issued his Report and Recommendation, finding an enforceable settlement agreement. No party objected to the Report and Recommendation.

**Background Facts**

Donald Campbell and Margaret Campbell were married and had two sons: Allen Campbell and Frederick Campbell. Frederick Campbell was married to Defendant Jessie Garcia. Both Allen and Frederick have children. Donald and Margaret had a complex estate plan. Both had a Last Will and Testament as well as inter vivos Living Trusts. They also created a limited partnership called the Campbell Family Limited Partnership with each inter vivos trust as an

equal partner. Margaret and Donald acted as Trustees for each other's Trust and each named the other as successor Trustee and beneficiary upon their deaths. Allen alleges he is a residual beneficiary and a Trustee of Margaret's Trust upon the death of both Donald and Margaret.

Donald and Margaret were long-time clients of Merrill Lynch in Cleveland, Ohio. Over the course of this relationship, the Campbells maintained several accounts with Merrill Lynch, including the Campbell Family Limited Partnership, the Donald Campbell Trust and the Margaret Campbell Trust. Each of the Trusts and the limited partnership were funded with multiple brokerage accounts, annuities and IRA's, all managed by Merrill Lynch. Upon Mr. Campbell's death, Mrs. Campbell became the Trustee of the Donald Campbell Trust and received all assets held by Mr. Campbell at Merrill Lynch. Mrs. Campbell then became the sole partner of the Campbell Family Limited Partnership. Mrs. Campbell executed numerous agreements with Merrill Lynch, each containing an agreement to arbitrate any and all controversies that may arise with Merrill Lynch. Plaintiff did not sign these agreements. Donald died in 2010 making Margaret Trustee and beneficiary of Donald's Trust along with her own Trust. Margaret also became the sole controlling agent of the limited partnership. Defendant Transamerica provided life insurance policies and annuities owned either by the Trusts or the limited partnership of Donald and Margaret individually.

Plaintiff's brother Frederick died in 2013. His brother's widow, Defendant Jessie Garcia, then moved in with Margaret for a period of time. At this time Margaret was in her nineties and had severely impaired vision. Plaintiff had Power of Attorney for Margaret. When Margaret died in 2015, Plaintiff was named Executor of her estate and Successor Trustee of the Margaret Trust.

During the course of his duties as Trustee, Plaintiff alleges he discovered several irregularities in the accounts of the Trusts and the limited partnership. He discovered that the financial statements for the two trusts and the limited partnership appeared to be combined, making it difficult to distinguish the assets of the particular Trusts and limited partnership. Furthermore, assets appeared to have been transferred, greatly diminished, or disappeared entirely with no explanation or paperwork evidencing what occurred. His inquiries to Merrill Lynch and Transamerica went unanswered.

Plaintiff alleges Defendants improperly transferred assets from the Trusts and between the Trusts and improperly disposed of non-trust assets without the authority to do so; with some of assets improperly distributed to Garcia. Plaintiff seeks restoration of the assets wrongfully transferred to Defendant Garcia.

### Facts Pertinent to Settlement

On August 12, 2019, the parties filed a Joint Motion to Vacate Amended Case Management Order and Stay Case Proceedings. According to that Motion, the parties had reached a settlement. The Motion was signed by counsel for Plaintiff and Defendants. The Motion requested a stay of all case management deadlines to allow for the filing of a Stipulation of Dismissal. On September 3, 2019, the Court granted the Joint Motion to Vacate and ordered the parties to submit their Stipulation of Dismissal by September 24, 2019, or the Court would enter its own dismissal entry. The parties failed to file their Stipulation of Dismissal by September 24, 2019, and did not request more time to file the Stipulation.

On October 29, 2019, Defendants filed their Joint Motion to Enforce the Settlement contending Plaintiff had failed to timely respond to Defendants' last revision of a Settlement

Agreement. Defendants presented the Court with emails purporting to show an agreement by the parties. In response to a show cause order from the Court ordering the parties to show cause why dismissal should not be entered, Plaintiff filed his own motion to enforce settlement. The motions were referred to the Magistrate Judge on November 27, 2019.

### **Report and Recommendation**

In his well-reasoned Report and Recommendation, the Magistrate Judge considered the parties' Motions, Oppositions and supporting evidence and concluded that the parties entered into an enforceable agreement, the material terms of which are not unclear or ambiguous. This agreement and its material terms are laid out in the emails dated August 7 and August 8 of 2019. After a hearing, the Magistrate Judge found that the only material term in dispute was the scope of a release. Upon his review of the relevant emails, the Magistrate Judge determined that: the parties agreed to settle the case and stipulated to its dismissal with prejudice; Plaintiff agreed to release all his claims whether asserted or not against Defendants Garcia, Merrill Lynch and or Transamerica with the only exception being Plaintiff's claims pending as of August 7, 2019, in Cuyahoga County Probate Court, relating to the Campbell Family Limited Partnership, which are preserved and not dismissed. The Magistrate Judge further found that in exchange for the above release, Defendants Garcia, Merrill Lynch and Transamerica agreed to pay Campbell the total sum of $100,000. The payment is due per the parties' agreement within twenty-one days of the final, approved settlement agreement.

The Magistrate Judge further recommends that the Court deny the parties' request for attorneys' fees because both parties' positions were reasonable.

### **Standard of Review**

4

A district court reviews de novo any finding or recommendations of the magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(c); 28 U.S.C. § 2254, Rule 8(b); Loc. R. 72.3(b). A party may not file a general objection to the entirety of the magistrate's report. *Ayers v. Bradshaw,* 2008 WL 906100, at*1 (N.D. Ohio Mar. 31, 2008) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d505, 508-09 (6th Cir. 1999)). "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, at *2 (quoting *Neuman v. Rivers,* 125 F.3d 315, 323 (6th Cir. 1997)).

Federal Rule of Civil Procedure 72 provides that objections to a report and recommendation must be filed within fourteen days after service. FED. R. CIV. P. 72(b). Neither party has filed an objection. Therefore, the Court must assume that the parties are satisfied with the Magistrate Judge's recommendation. Any further review by this Court would be duplicative and an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd* 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Therefore, the Court ADOPTS the Magistrate Judge's Report and Recommendation and GRANTS IN PART, and DENIES, IN PART the Motions of the Parties to Enforce Settlement. (ECF #'s 103 & 107). The Court finds the parties entered into an enforceable settlement agreement as outlined by the Magistrate Judge as follows:

1. Plaintiff Allen Campbell has agreed to settle all his claims;

2. Campbell stipulates to dismissal of all claims with prejudice;

5

3. The settlement includes Campbell's release of:

    a. All claims Campbell has,

    b. Whether asserted or not,

    c. Against Garcia, Merrill Lynch, and/or Transamerica,

    d. with the only exception being that:

        i. Campbell's claims pending as of August 7, 2019,

        ii. in the Cuyahoga County Probate Court,

        iii. relating to the Campbell Family Limited Partnership,

        iv. are preserved and not dismissed; and

4. In exchange for which the defendants (Garcia, Merrill Lynch, and Transamerica) have agreed to pay, and Campbell has agreed to accept, the total sum of $100,000.

Payment shall be made within twenty-one days of the entry of this Order. Within five days of Plaintiff's receipt of the settlement payment the parties shall file a Stipulation of Dismissal of All Claims in the Lawsuit. The Court retains jurisdiction to enforce the terms of the settlement. The Court denies the award of attorneys' fees and orders each party to bear its own costs.

IT IS SO ORDERED.

Date: March 13, 2020        /s/Christopher A. Boyko
                            CHRISTOPHER A. BOYKO
                            Senior United States District Judge